UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
KAMALA PRASAI,

                         Plaintiff,

        -against-

INTERNATIONAL NEPALI LITERARY
SOCIETY; MR. TIRTHA RAJ PANDEY, INLS
Chief Election Commissioner; DR. SHYAM
KARKI, INLS Board of Trustee Chairman; and
MR. PADAM BISHWOKARMA, INLS Executive
Board Presidential Candidate,

                         Defendants.
---------------------------------------------------------------- x

MEMORANDUM & ORDER
16-CV-6243 (ENV) (LB)

VITALIANO, D.J.

On November 4, 2016, *pro se* plaintiff Kamala Prasai filed this action against the International Nepali Literary Society ("INLS") and three of its officers. Plaintiff's meandering complaint is best read to allege diversity jurisdiction and to assert state law claims for intentional infliction of emotional distress and fraud that resulted from events surrounding INLS's 2016 executive board elections. On these pleadings, plaintiff's application to proceed *in forma pauperis* is granted for the limited purpose of this Order; however, the complaint is dismissed for lack of subject matter jurisdiction.

## Background

The complaint alleges that members of the INLS election commission falsified the results of a board election in order to deprive Prasai of a seat on INLS's executive board for the 2016-2018 term. More specifically, she alleges that certain voters were "unverified" – a term that

1

remains undefined – in the October 2016 election, and that some voters voted twice. Dkt. No. 1 ("Compl.") at 3, 5-6.[1] Plaintiff further alleges that members of the INLS board are biased against her, are attempting to force her out of the organization, and that defendants' actions constitute intentional infliction of emotional distress. *Id.* at 3-6. Prasai seeks $100,000 in compensatory damages and an injunction ordering the INLS to recount the ballots, omitting the unverified voters. *Id.* at 6-7.

For the completeness of history, it must be noted that plaintiff previously filed two mirror image complaints on July 21, 2014 and September 25, 2014, in which she contested a previous election of the INLS. Those cases were dismissed for lack of subject matter jurisdiction. *See Prasai v. Int'l Nepali Literary Soc'y, et al.*, No. 14-CV-4440, 2014 WL 4207628 (E.D.N.Y. Aug. 25, 2014); *Prasai v. Int'l Nepali Literary Soc'y, et al.*, No. 14-CV-5696 (E.D.N.Y. Nov. 14, 2014) (dismissed for lack of subject matter jurisdiction, with leave to amend).

## Standard of Review

A civil action complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court, in any case, must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To survive dismissal at the doorstep of the courthouse, a complaint must plead "enough facts to state a claim to relief that is plausible on its

---

[1] As the pages of the complaint are not numbered, this Order refers to the pages assigned by the Electronic Case Filing System.

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

Though it must also be kept in mind that when a plaintiff proceeds without legal representation, as Prasai does, a court must regard plaintiff's complaint in a more liberal light, affording the pleadings of a *pro se* litigant the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94, 121 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081, 1086 (2007); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006) (per curiam). A *pro se* complaint should not be dismissed without granting a *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (citation omitted).

## Discussion

A court must dismiss a case *sua sponte* when it finds subject matter jurisdiction lacking. *See Endicott Johnson Corp. v. Liberty Mut. Ins. Co.*, 116 F.3d 53, 58 (2d Cir. 1997). It is well

settled that 28 U.S.C. § 1332 "requires complete diversity between all plaintiffs and all defendants," *Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir. 1992). Moreover, to invoke diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332. "[A] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (citation omitted); *see also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (quoting *Deutsch v. Hewes St. Realty Corp.*, 359 F.2d 96, 98 (2d Cir. 1966)).

In this new action, Prasai asserts state law claims and relies on diversity of citizenship as the sole basis for federal subject matter jurisdiction. To that end, she asserts that the citizenship of the parties is diverse, as she lives in New York state and the defendants are alleged to live in Virginia, Maryland, and Colorado. Compl. at 1. To the extent the complaint seeks injunctive relief that would oust any individual from a position won at the election she seeks to challenge, those individuals would be indispensable parties, would need to be named as defendants, and their state citizenship would count for diversity purposes. *See* Fed. R. Civ. P. 19; *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 312 F.3d 82, 87 (2d Cir. 2002) ("Rule 19(b) commands a district court to dismiss an action where it is impossible to have the participation of an indispensable party."); *Bartfield v. Murphy*, 578 F. Supp. 2d 638, 650 (S.D.N.Y. 2008). Plaintiff, however, fails to meet the jurisdictional amount requirement. She seeks $100,000 in compensation, but she has not factually specified any harm or losses. Compl. at 7. At most, she

4

states that she feels pressured and "tortured" by the defendants' bias against her. *Id.* at 5. On these pleadings, the Court is not satisfied at all that it is reasonably probable that she can recover an amount in excess of the jurisdictional amount of $75,000 in this action.

Nevertheless, aware that the Second Circuit has cautioned that before determining that the amount in controversy requirement has not been met, courts should afford plaintiffs like Prasai an opportunity to show good faith in believing that a recovery in excess of the jurisdictional amount is possible, the Court, though dismissing the complaint now, grants leave to amend it. *See Gomez*, 171 F.3d at 795; *Chase Manhattan Bank*, 93 F.3d at 1070.

## Conclusion

Since the complaint fails to establish either federal question jurisdiction or diversity jurisdiction, it is dismissed for lack of subject matter jurisdiction. The Court grants plaintiff 30 days from the date this Order is docketed to file an amended complaint that establishes factually and plausibly a valid basis for this Court's jurisdiction over her claims. Plaintiff must specify the harm for which she seeks financial recovery, including the basis for the amount in controversy. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. All further proceedings shall be stayed for 30 days or until further order of this Court. If plaintiff elects not to file an amended complaint, or neglects to do so in a timely fashion, this docket will be closed for administrative purposes.

Plaintiff also is advised that if she elects to file an amended complaint and it satisfies the requirements for diversity jurisdiction, this action may be then transferred to the United States District Court for the Eastern District of Virginia, where INLS is located and where the alleged

misdeeds presumably took place. *See* 28 U.S.C. § 1391(b) (a civil action may be brought in a judicial district in which a substantial part of the events giving rise to the claim occurred); 28 U.S.C. § 1406(a) (district court may transfer case filed in the wrong district to any district in which it could have been brought); 28 U.S.C. § 127(a) (Prince William County, which includes Woodbridge, Virginia within its territorial boundaries, is located within the Eastern District of Virginia).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21, 8 L. Ed. 2d 21, 27-28 (1962).

So Ordered.

Dated: Brooklyn, New York
April 17, 2017

s/Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge